S. F. HELMS *et al.* v. A. D. HARCLERODE.

Nos. 12,771, 12,772. (70 Pac. 866.)

SYLLABUS BY THE COURT.

PRACTICE, PROBATE COURT—*Allowance of Claims—Set-off.* One who is a creditor of an insolvent estate, and also its debtor, may have his claim against the estate set off against the claim of the estate upon him, if such claims accrued in the lifetime of the deceased, and are of such nature as would constitute proper subjects of set-off in an action by or against the deceased, if living.

Errors from Allen district court; L. STILLWELL, judge. Opinion filed December 6, 1902. Affirmed in part and reversed in part.

*Altes H. Campbell,* for plaintiffs in error.

*Chris Ritter,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J.: S. F. Helms and wife were indebted to A. D. and G. B. Harclerode, jointly, in the aggregate sum of $220, evidenced by a promissory note secured by chattel mortgage. A. D. and G. B. Harclerode were indebted in unequal amounts upon accounts due S. F. Helms. G. B. Harclerode died, and A. D. Harclerode was appointed administrator of his estate. Helms made proof of his claim against the estate in the probate court in the amount of $100, which was allowed and assigned in equal amounts to the second and fifth classes of claims.

An action in replevin was commenced by A. D. Harclerode, as an individual and in his representative capacity, to recover possession of the property covered by the chattel mortgage. Thereupon, Helms and wife commenced their action against A. D. Harclerode, in his individual and representative capaci-

ties, to obtain a judgment setting off the sum of $54 alleged to be due them from A. D. Harclerode, individually, as against his individual interest in the note of $220 ; and also against the estate to obtain a judgment of set-off of the $100 due from the estate against the interest of the estate in the note.

It was alleged and proved that both A. D. Harclerode and the estate were insolvent.   Before bringing this action of set-off, a tender was made to A. D. Harclerode of the amount of his interest in the note, less the sum of fifty-four dollars claimed as a set-off. Also, the sum of twenty dollars was tendered A. D. Harclerode as administrator of the estate as satisfaction in full of the claim of the estate in the note, less the $100 due from the estate.   These tenders were declined, and were kept good by deposit in court.

Both actions were by the district court tried together as one.   The court, upon conflicting evidence, determined the amount due from A. D. Harclerode to Helms to be twenty-five dollars, and awarded the claim of set-off in this amount against the individual claim of A. D. Harclerode.   The court refused to award the set-off of $100 as against the estate, but gave judgment in its favor for the full amount of its interest in the note.   Separate petitions in error are filed in this court.

The controversy between A. D. Harclerode and plaintiffs in error having been determined upon conflicting evidence, it is at an end.   The right of set-off against the insolvent estate alone remains.   It is the contention of plaintiffs in error that this right was complete in the lifetime of G. B. Harclerode, and therefore cannot be defeated by his death, but is available in this action.   On the other hand, it is insisted that the full one-half interest in the note is an asset

47—65 KAN.

of the estate.   The estate being insolvent, the credit-
ors must be paid in the order of the priority of their
claims, and to allow the set-off claimed would be in-
equitable and unjust to the other creditors of the
estate.

The solution of this controversy depends on what
we are to regard as assets of the estate.   Does the es-
tate which must be applied to the payment of the
claims of creditors in the order of their priority as
established and classified in the probate court include
the full amount of its one-half interest in the note, or·
does it only include such amount less the sum of $100
owed by the decedent to Helms before his death ?   It
is clear that, if the action had been brought before
the decease of Harclerode, the set-off would have been
awarded.   It is also clear that, if the claim on which
set-off is demanded had arisen against the estate after
the death, and not against the decedent in his lifetime,
it would not be available.   Is it not equally clear that
a division of this sum of $100 among the creditors of
the estate in this case would be a distribution, not of
assets of the estate, but of the rightful property of
Helms, in payment of debts of the estate ?

These considerations impel us to hold that the estate
of the deceased from which creditors are entitled to
demand payment of their respective claims, in the
order of their priority as ascertained by their classifi-
cation in the probate court, consists of that portion of
the estate which remains after settlement of. mutual
claims which arose in the lifetime of the deceased,
and which might have been set-off in a proper action
prior to the decease of Harclerode, and that the set-off
pleaded in this case was proper and should have been
allowed.   This view would seem to be in accord with
the just and equitable rights of the parties, and in

harmony with the authorities.   The precise question was ruled on in *Richardson, Adm'r, v. Parker*, 2 Swan (Tenn.), 529 :

"Though the estate of an intestate be insolvent, yet one who is a creditor of the estate and also its debtor (both debts having been created in the lifetime of the intestate), may, in an action upon the claim against him by the administrator, set off his demand against. the estate to its full amount." (See, also, 22 A. & E. Encycl. of L., 1st ed., 312, and many cases cited.)

It follows that the judgment in favor of A. D. Harclerode in his individual capacity must be affirmed. The judgment in favor of A. D. Harclerode, as administrator, must be reversed, for further proceedings in accord with the views herein expressed. The costs of this court will be divided.

All the Justices concurring.